UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Darnell E. Hudson | ) | C/A No. 4:14-2228-JMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Albert L. Mack, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEDURAL BACKGROUND**

The Plaintiff, Darnell E. Hudson ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on June 10, 2014, alleging violations of his constitutional rights. Plaintiff is currently incarcerated at Lieber Correctional Institution. Defendant filed a motion to dismiss for lack of jurisdiction, or in the alternative, motion for summary judgment along with a memorandum, affidavit, and exhibits in support of said motion. (Document #14). Because Plaintiff is proceeding pro se, he was advised on or about August 13, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendant's motion to dismiss/motion for summary judgment could result in the dismissal of his complaint. Plaintiff failed to file a response.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

**RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion for summary judgment. Plaintiff has not responded to Defendant's motion for summary judgment or the court's order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the undersigned will address Defendant's motion for summary judgment as to the exhaustion issue.

## DISCUSSION

## ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The Plaintiff alleges that Defendant violated his constitutional rights. Plaintiff alleges that on July 21, 2011, Defendant Mack sprayed him with 63 grams of OC spray for no legitimate reason. The Defendant filed a motion to dismiss/motion for summary judgment asserting this action should be dismissed due to Plaintiff's failure to exhaust his administrative remedies before filing this action and because the action is barred as he is entitled to Eleventh Amendment immunity in his official capacity.

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any

cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendant has pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis. Defendant submitted the affidavit of Ann Hallman (Hallman) who attests that she is an employee of the SCDC as the Branch Chief for the Inmate Grievance Branch and has reviewed Plaintiff's grievance history.(Hallman's affidavit, doc. #14-3). Hallman avers that Plaintiff filed a Step One grievance form against Defendant Mack on July 31, 2011, grievance #LCI-0975-11. (Id.). This grievance was denied by the Warden on February 8, 2012. (Id.). Plaintiff was advised that if he was not satisfied with the Warden's response, he could appeal by filing a Step Two grievance within five (5) calendar days. (Id.). Plaintiff signed the form on May 14, 2012, indicating that he did not accept the Warden's decision and wished to appeal. (Id.). There is no record of Plaintiff filing a Step 2 grievance at all, much less within five (5) days of his receipt of the denial. (Id.).

Plaintiff filed a second Step One grievance against Defendant Mack on the same date that he filed the above grievance, July 31, 2011, grievance #LCI-0977-11. (Id.). This grievance was unprocessed as duplicative of the first grievance. (Id.). Based upon her review of the Plaintiff's records, Hallman attests that Plaintiff did not exhaust his administrative remedies available under the SCDC grievance system prior to filing this action against Lt. Albert L. Mack. (Id.).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a).  Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC.  The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001);  *see* Porter v. Nussle, 534 U.S. 516 (2002);  Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir.  2001)(exhaustion required even though Plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

    This court agrees with the Defendant. Plaintiff failed to file any appeal of the denial of his grievance against Defendant Mack with relation to the allegations in this action. See  Kearse v. Patterson, 2013 WL 4511637 (D.S.C. Aug. 22, 2013)(where prisoner failed to properly pursue a Step Two appeal despite being advised how to properly file it, the court would not excuse compliance with the exhaustion requirement on any basis); Corbett v. Fleming, 2013 WL 4866502 (D.S.C. Sept. 11, 2013) (quoting Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir.2000) ("It is beyond the power of this court-or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (internal quotes omitted); Sullivan v. Coleman, No.

06–1588, 2006 WL 3759757, * 6 (D.S.C. Dec.18, 2006) (Inmate abandoned grievance where he failed to properly complete and return Step 2 Inmate Grievance Form). Accordingly, it is recommended that Defendant's motion for summary judgment be granted for failure to exhaust administrative remedies.

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

In the alternative, it is RECOMMENDED that this Defendant's Motion for Summary Judgment (document #14) be GRANTED for failure to exhaust administrative remedies and this claim dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
September 19, 2014                              Thomas E. Rogers, III
Florence, South Carolina                        United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**