IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Darnell E. Hudson, | ) | |
| | ) | Civil Action No. 4:14-cv-02228-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Albert L. Mack, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Darnell E. Hudson ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges excessive force and deliberate indifference by Defendant Albert L. Mack ("Defendant"), a lieutenant at Lieber Correctional Institution, in violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment. (ECF No. 1.) This matter is before the court on Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 14).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial handling. On September 19, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss the action for failure to prosecute, or in the alternative, grant Defendant's Motion for Summary Judgment for failure to exhaust administrative remedies and dismiss Plaintiff's claims. (ECF No. 21.) This review considers Plaintiff's Objections to Report and Recommendation ("Objections"), filed October 8, 2014. (ECF No. 25.) For the reasons set forth herein, the court **ACCEPTS in part and REJECTS in part** the Magistrate Judge's Report. The court thereby **GRANTS** Defendant's Motion for Summary Judgment[1] (ECF No. 14).

---

[1] As the court considers documents outside the pleadings, it will construe Defendant's Motion as one for Summary Judgment, rather than a Motion to Dismiss.

1

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 21.) The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is incarcerated at Lieber Correctional Institution ("LCI"), within the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 2.) Plaintiff alleges that on July 21, 2011, Defendant, without provocation, sprayed chemical munitions at Plaintiff in the toilet area of Plaintiff's cell. (*Id.* at 4.) Plaintiff alleges the chemical munitions spread across his face, eyes, nose, mouth, ear and hair, as well as his neck and chest, causing "extreme pain and discomfort." (*Id.* at 4-5.) Further, Plaintiff alleges Defendant failed to turn the water back on in Plaintiff's cell to allow Plaintiff to wash the chemicals from his body. (*Id.* at 9.) Plaintiff filed his complaint on June 10, 2014, seeking $50,000 in punitive damages, $20,000 in "nominal damages," Plaintiff's costs, reinstatement of Plaintiff's privileges, and any additional relief the court deems just. (*Id.* at 11.)

On August 12, 2014, Defendant filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, arguing Plaintiff failed to exhaust his administrative remedies before filing suit and that Defendant is entitled to Eleventh Amendment immunity. (ECF No. 14.) On September 19, 2014, the Magistrate Judge filed the Report, recommending the court dismiss the action due to Plaintiff's failure to respond to Defendant's Motion, or alternatively, grant Defendant's Motion for Summary Judgment for Plaintiff's failure to exhaust administrative remedies and dismiss Plaintiff's claims. (ECF No. 21.) The Magistrate Judge found that Plaintiff's claims could be dismissed under Federal Rule of Civil Procedure 41(b) for failing to

respond to the court's *Roseboro* Order[2] requiring a response to Defendant's Motion by September 18, 2014.  (*Id.* at 2; *see* ECF No. 16.)  In addition, the Magistrate Judge found that Defendant's Motion should be granted, as the SCDC Branch Chief for the Inmate Grievance Branch had stated in her affidavit (ECF No. 14-3) that Plaintiff had failed to fully exhaust the grievance process, and thus Plaintiff failed to meet the exhaustion requirement of the Prison Litigation Reform Act.  (ECF No. 21 at 5-7.)

Plaintiff filed a Response to Defendant's Motion on September 19, 2014,[3] which was received by the court on September 22, 2014.  (ECF No. 23.)  Plaintiff timely filed his Objections to the Report on October 6, 2014.[4]

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

---

[2] The Magistrate Judge entered the Order on August 13, 2014, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires the court to provide an explanation of dismissal or summary judgment procedures to *pro se* litigants.

[3] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for delivery to the court.  *See Houston v. Lack,* 487 U.S. 266, 270 (1988).  The envelope containing Plaintiff's Response was stamped as received in the LCI mailroom on September 19, 2014.  (ECF No. 23-9 at 1.)

[4] The envelope containing Plaintiff's Objections was stamped as received in the LCI mailroom on October 6, 2014.  (ECF No. 25-3 at 1; *see Houston,* 487 U.S. at 270.)  The court received the Objections on October 8, 2014.  (*See* ECF No. 25.)

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Plaintiff first objects to the Magistrate Judge's finding that he failed to comply with the *Roseboro* Order and respond to Defendant's Motion in a timely manner. (ECF No. 25 at 1.) Plaintiff argues he placed his Response in the LCI mailbox on September 18, but that it was not picked up by mailroom staff until September 19, when it was stamped. (*Id.*) Plaintiff further argues, "[i]t is the standard practice of Lieber C.I. mail room personnel to pick up SMU [Special Management Unit] inmates mail once a day, and date stamp it on the day its [*sic*] picked up, regardless as to when the SMU inmates placed the mail in the prison mail box system. If the mail is placed in the prison mail box system on Sept. 18, 2014 at 8 a.m., it will not be picked up

4

by mail room personnel until Sept. 19, 2014." (*Id.* at 2.) Plaintiff additionally provides a statement signed by four other inmates confirming that this is the standard practice of mail pickup in the Special Management Unit where Plaintiff is housed. (ECF No. 25-2.) The court notes that Plaintiff dated his response and the proof of service statement on September 18. (ECF No. 23 at 19-20.) Armed with knowledge of LCI's mail pickup procedures, it would have perhaps been prudent for Plaintiff to deposit his Response for mailing on Sept. 17. However, rather than dismiss this claim for failure to prosecute when Plaintiff has shown an effort to respond to Defendant's motion, the court finds Plaintiff is entitled to the benefit of the doubt. As such, the court declines to adopt the Magistrate Judge's recommendation on this point.

Plaintiff next argues that had his Response been considered by the Magistrate Judge, it would show that he indeed complied with SCDC grievance procedures and fully exhausted his administrative remedies. (ECF No. 25 at 3.) In his Response, Plaintiff argues that not only did he submit a Step 2 Grievance appealing the warden's decision in his Step 1 Grievance, but that SCDC personnel violated its grievance policy by failing to respond in a timely manner, and thus the court should consider his administrative remedies exhausted. (ECF No. 23 at 15-18.) Defendant counters that Plaintiff provides no evidence he actually filed the Step 2 Grievance. (ECF No. 24 at 1.) Defendant points to the affidavit of Ann Hallman, SCDC Branch Chief for the Inmate Grievance Branch, who stated there was no record Plaintiff filed a Step 2 Grievance on this issue (ECF No. 14-3) and to Plaintiff's Grievance record on this matter, which shows no Step 2 Grievance or Appeal had ever been received by the Grievance Branch (ECF No. 24-1 at 2). In regard to the alleged failure of SCDC officials to follow the grievance policy, Defendant argues that inmates have no constitutionally protected right to a grievance procedure, and thus any failure to follow grievance policy is not actionable under § 1983. (ECF No. 24 at 2-3, citing

5

*Adams v. Rice,* 40 F.3d 72, 45 (4th Cir. 1994); *Ashann-Ra v. Virginia,* 112 F. Supp. 2d 559, 569 (W.D. Va. 2000).)

Although Defendant is correct that grievance policy failures are not actionable under § 1983, the court does not read Plaintiff's argument to be that he is charging Defendant with a failure to follow policy, but merely arguing that a failure to follow policy should result in a finding that he has met his exhaustion requirement.  Plaintiff correctly notes that case law has found an inmate's exhaustion requirement under the Prison Litigation Reform Act can be satisfied if prison officials fail to respond to a grievance in a timely manner.  (ECF No. 23 at 18.)  However, those cases represent instances in which the court "excused the exhaustion requirement when it found that prison officials had appeared to be thwarting a plaintiff's right to bring a federal lawsuit by indefinitely delaying a final decision on a grievance."  *Gilbert v. Byars,* 2014 WL 4063020, at *6 (D.S.C. August 14, 2014). Courts in this district have excused the exhaustion requirement when a grievance remained unanswered a year and a half after filing, *Williams v. Loyd,* 2010 WL 3609790, at *5 (D.S.C. Apr. 28, 2010) *objections overruled,* 2010 WL 3609512 (D.S.C. Sept. 13, 2010); five years elapsed before officials responded to a Step 1 Grievance, *Ward v. Byars,* 2013 WL 1403220, at *6 (D.S.C. Mar. 11, 2013) *Report and Recommendation adopted,* 2013 WL 1404918 (D.S.C. Apr. 5, 2013); and a grievance was still pending more than a year after filing, *Mattress v. Taylor,* 487 F. Supp. 2d 665, 671-72 (D.S.C. 2007).

Plaintiff's Step 1 Grievance was filed on July 31, 2011, and was marked as received on August 4, 2011.  (ECF No. 14-5 at 2).  The Grievance bears the warden's signature signifying his response, dated February 8, 2012, roughly six months after the Grievance was received.  (*Id.* at 3.)  Plaintiff's signature, signifying he received the warden's decision, is dated May 14, 2012,

6

roughly nine and a half months after the Grievance was filed. (*Id.*) Although this is no doubt past the time limit set in the policy,[5] it is still within a time period considered acceptable by other courts in this district. *See Gilbert,* 2014 WL 4063020, at *7 ("This court is aware of the numerous grievances and appeals filed each year by inmates with the SCDC. This court cannot say that a period of time from five (5) to nine (9) months represents a period of inordinate delay excusing the PLRA's pre-filing requirement."); *Stroman v. Byars,* 2013 WL 4524167, at *2 (D.S.C. August 26, 2013) ("This court cannot say that a period of time from February through August represents a period of inordinate delay."). As such, the court does not find SCDC officials aimed to thwart Plaintiff's ability to file suit by indefinitely delaying his grievance processing. As the court is willing to afford Plaintiff the benefit of the doubt regarding the timing of filing his Response, it seems only fair that similar consideration be afforded to Defendant regarding the timing of the grievance response.

It is worth noting, too, that there is no evidence Plaintiff filed a Step 2 Grievance. Although Plaintiff claims to have handed his form to an SCDC officer, he offers no proof to refute Defendant's evidence in the form of an affidavit and grievance record that show no Step 2 Grievance was filed in this matter. Plaintiff makes no allegation he attempted to follow up on the alleged Step 2 Grievance to ensure it was filed or to check on its progress. Having received a response, albeit delayed, to his Step 1 Grievance, and been afforded a chance to appeal the

---

[5] Plaintiff quotes SCDC Policy and Procedure GA-01.12.11 as stating "grievances will be processed from initiation to final disposition within 125 days," he provides only his own affidavit as proof, and does not attach the policy itself to his Response. (ECF No. 23 at 16-17.) The court notes, however, that other cases have quoted the policy as allowing up to 180 days for grievance processing. *Pellum v. Burtt,* 2008 WL 759084, at *16 (D.S.C. March 20, 2008); *Ward,* 2013 WL 1403220, at *6. Absent a copy of a dated policy attached to any documents in this case, the court assumes the relevant policy time period to be 180 days, as the policy relevant to Plaintiff's grievance, filed in 2011, would necessarily correspond to the relevant policies cited in cases from 2008 and 2013.

decision and failing to do so, Plaintiff has not exhausted his administrative remedies. As such, the court adopts this portion of the Report and grants Defendant's Motion for Summary Judgment.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS in part and REJECTS in part** the Report of the Magistrate Judge (ECF No. 21). It is therefore ordered that Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED** and this action (ECF No. 1) is **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 10, 2015
Columbia, South Carolina